THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| **ROBERT E. TALLADA, RJ., an individual** ) | Case No. 1:11-CV-0105 |
| Plaintiff, ) |  |
| v. ) | MEMORANDUM DECISION |
| **USU CHARTER CREDIT UNION, a Utah Non-profit corporation,** ) |  |
| Defendant. ) |  |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff-employee Robert E. Tallada ("Tallada") alleges Defendant-employer USU Charter Federal Credit Union ("USUCCU") engaged in illegal age discrimination. Tallada claims such age discrimination resulted in (1) termination of his employment (Counts I, II, III, and V), (2) reclassification of his duties (Count IV), (3) harassment and intimidation (Count VII), and (4) denial of a $10.00 spiff owed to him under an incentive program (Count VIII). USUCCU timely filed a motion for summary judgment on each of Tallada's claims, and Tallada has since filed a motion to dismiss without prejudice. For the reasons set forth below, the court grants Defendant USUCCU's motion for summary judgment on all Counts, and denies Plaintiff's motion to dismiss without prejudice.[1]

Background

Tallada was hired as a "Community Processor" at USUCCU on February 8, 2010. Tallada was 54 years old when hired, and was an at-will employee at all times during his tenure at USUCCU. At the commencement of his employment, Tallada signed an agreement which ensured that he would not disclose confidential information to unauthorized third parties. Tallada's duties originally included a variety of debt collecting methods. One method in particular involved driving to debtors' homes to contact them directly, termed "door knocks."

---

[1] Over one month before filing his *motion to dismiss without prejudice*, Tallada filed a *motion to reconsider appointment of Counsel*. The Court had not yet ruled on this motion. However, the Court's decision to grant USUCCU's *motion for summary judgment* renders the *motion to reconsider appointment of counsel* moot.

On October 12, 2010, USUCCU hired the VP's daughter, Tori Jackson ("Jackson"). Jackson was hired as "Collections Department Manager," and was Tallada's direct supervisor. Jackson and another supervisor, Russell, together concluded that "door knocks" were not as useful as anticipated. Thereafter, Jackson removed "door knocks" from Tallada's duties, and eliminated the position of "Community Processor." Jackson gave Tallada the new title of "Collector," having almost identical responsibilities to "Community Processor," except that the "Collector" responsibilities did not include "door knocks" as one of the methods of debt collection *(Reclassification Count)*. Significantly, while his job title and description were slightly modified, Tallada's wages, benefits, and hours remained unchanged. During his time as a "Collector," Tallada qualified for a $10.00 gift card in a contest that USUCCU had run as a spiff. USUCCU failed to provide Tallada with his $10.00 gift card *(Spiff Count)*.

On December 21, 2010, Jackson overheard Tallada disclose confidential information to a third party in a telephone conversation. Jackson reprimanded Tallada for having disclosed the information, and then consulted with other managers—namely, Darlene Jensen, John Russell, and even the CEO, Dennis Child *(Harassment Count)*. Each agreed that the disclosure was grounds for termination. Russell and Jackson met with Tallada later that same day and terminated his employment *(Termination Counts)*.

<u>Summary Judgment Standard</u>

Pursuant to the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56 (a). In considering summary judgment motions, the Court must examine "the record and all reasonable inferences that might be drawn from it in the light most favorable to the non-moving party." <u>Berry & Murphy, P.C. v. Carolina Cas. Ins. Co.</u>, 586 F.3d 803, 808 (10th Cir. 2009). Furthermore, "an issue of fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party' on the issue. Therefore to show that there is no genuine issue of material fact, USUCCU must demonstrate that Tallada has failed to present relevant and probative evidence sufficient to properly support a jury verdict by a preponderance of the evidence.

McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973); Riggs v. Airtran Airways, Inc., 497 F.3d 1108, 1117 (10th Cir. 2007).

### Discussion

#### A. Summary of Arguments and the Law

USUCCU contends that summary judgment is proper because Tallada does not have sufficient evidence to make a prima facie case of age discrimination on any of the Counts raised. Admittedly, Tallada has no direct evidence of age discrimination. Thus, he must make his case with indirect evidence under the McDonnell Douglas framework. This requires Tallada to show that (1) he is a member of a protected class, (2) he suffered an adverse employment action, (3) he was qualified for the position at issue, and (4) he was treated less favorably than others not in the protected class. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

For purposes of this motion, USUCCU considers elements (1) and (3) to be met. On element (2), Tallada claims that he was subject to the adverse actions of Reclassification, Harassment, and Termination. On Element (4), Tallada attempts to offer some indirect evidence related to the Reclassification, Harassment, and Termination, and Spiff counts, but misses the mark and fails to provide the quality and quantity of evidence required. Recognizing these weaknesses, USUCCU contends that the evidence put forth is insufficient to meet elements (2) and (4) on the various Counts raised. Before discussing individual Counts, it is noted that Tallada incorrectly relies upon the Pricewaterhouse "motivating factor" test, which is inapplicable in age discrimination cases such as this. Simmons v. Sykes Enters. Inc., 647 F.3d 943, 947, 949-50 (10th Cir. 2011). In other words, Tallada approaches his arguments with the assumption that he only need show that age was a "motivating factor" in the adverse actions against him. This is incorrect. Rather, Tallada must show that age was the "but for" cause of the adverse actions against him. The following sections will evaluate the evidence Tallada relies upon against the backdrop of the required showing he must make.

#### B. Reclassification

Tallada contends that the change in his job description was an adverse employment action based on age discrimination. Tallada offers no evidence that this change was made on the basis of his age. Further, the Tenth Circuit does not consider a mere inconvenience or an alteration of

job responsibilities to be an adverse employment action. Generally the law requires a change in wage, benefits, or hours before an adverse employment action can be thought to exist based on reclassification. It is undisputed that Tallada's job description changed only slightly, and that his wage, benefits, and hours remained the same. Thus, for purposes of his discrimination claims with respect to reclassification, Tallada has failed to make out element (2) of his prima facie case.  Additionally, Tallada has failed to make out element (4) of his prima facie case with respect to the same because he has not provided any examples of younger "community processors" who were *not* reclassified as "collectors" under the same or similar circumstances.

C.<em>Harassment</em>

Tallada contends that Jackson harassed him when she "openly and abruptly" reprimanded him after he disclosed confidential information in a telephone conversation.  Tallada claims that the manner in which Jackson reprimanded him violated USUCCU's harassment policy. Unfortunately for Tallada, USUCCU's policy is not law. Tenth Circuit case law holds that even "unsubstantiated oral reprimands" and "unnecessary derogatory comments" are not in themselves materially adverse employment actions. <u>Wells v. Cool. Dept. of Transp.</u>, 325 F.3d 1205, 1214 (10th Cir. 2003).  Thus, for purposes of his discrimination claims with respect to harassment, Tallada has failed to make out element (2) of his prima facie case. Additionally, Tallada has failed to make out element (4) of his prima facie case with respect to the same because, as USUCCU correctly points out, Tallada has not provided any examples to demonstrate that younger employees—who were otherwise similarly situated—were reprimanded in a more favorable or less intimidating manner.

D.<em>Termination</em>

Termination is clearly an adverse employment action, so here the discussion is focused on element (4) alone. Tallada's complaint is specifically directed to claiming that USUCCU terminated him in order to hire a younger worker.  Tallada must therefore show that "his position was filled by a younger person" to make out element (4) of his prima facie case. <u>Rivera v. City & County of Denver</u>, 365 F.3d 912, 920 (10th Cir. 2004). While it is undisputed that USUCCU hired a younger worker just a few days before Tallada was terminated, it is also undisputed that the new hire had a different title and different duties. Tallada himself explained, "yeah, to my

knowledge, no one did fill the collector position." Without more, Tallada has failed to show element (4) of his prima facie case of discrimination with respect to his Termination claims.

Even if Tallada did not need to show that he was terminated to be replaced by a younger person, and even if he were able to make such a showing in the first place, Tallada has failed to show that the reason for his termination was a pretext for age discrimination.  To be sure, once a plaintiff has successfully made his prima facie case, the burden shifts to the defendant to provide a legitimate reason for termination. Once the defendant satisfies this requirement, the burden shifts back to the plaintiff to prove that the reasons offered are merely pretext for discrimination. USUCCU asserts that they terminated Tallada because he breached his confidentiality agreement when he made what Jackson thought was an unauthorized disclosure of private information over the phone. Tallada asserts that this reason is pretext for discrimination by alleging that:  (1) Jackson had been hired in violation of USUCCU's policy against nepotism, (2) the person Tallada disclosed information too may have been authorized to hear such information (3) USUCCU wanted to avoid paying Tallada's increasing healthcare costs, (4) everyone else in the office was under 40 years old, (5) a person under 40 years old was hired just three days before Tallada was terminated.

Assertion (1) is irrelevant because, as explained previously, USUCCU policy is not law; assertion (2) is irrelevant because all that is required is for Jackson to have thought it was a breach of the confidentiality agreement; assertion (3) has no evidentiary basis; assertion (4) is insufficient on its own to provide evidence of age discrimination, and (5) is irrelevant because the new employee filled a different title and held different responsibilities. This evidence isinsufficient. Tenth Circuit case law holds that "mere conjecture that an employer's explanation is pretext for intentional discrimination is an insufficient basis for denial of summary judgment." Antonio v. Sigma Network, Inc., 458 F.3d 1177, 1184 (10th Cir. 2006). The fact that these assertions constitute conjecture is demonstrated by Tallada's own testimony. Tallada admitted in his testimony that he had no evidence that the proffered reason was mere pretext, and that all he had was conjecture. Without more, Tallada has failed to demonstrate that USUCCU's proffered reasons for his termination were mere pretext.

E. *Spiff*

The Spiff Count appears to the Court to be unrelated, if not irrelevant to the case before the court. To the extent that it is related, however, Tallada provides no evidence that he did not receive the $10.00 spiff because of his age. Even if he were able to make a prima facie showing under the McDonnell Douglas framework, he has put forth no evidence to show USUCCU's proffered reason of mere oversight was pretext for discrimination. 411 U.S. 792 (1973). This is a showing that Tallada must make, but has not. Therefore, this claim fails.

## Conclusion

The Court GRANTS USUCCU's motion for summary judgment on all Counts because Plaintiff has not met each element of the prima facie case on any Count. Plaintiff improperly relies on a mere hope that some evidence will come out in testimonies at trial together with a conglomerate of non-probative circumstantial evidence. Indeed, to draw a preponderating inference in favor of the plaintiff—based on the scintilla of evidence provided—would require an unreasonable jury. Additionally, the Court denies Tallada's recent motion to dismiss without prejudice. The Court's grant of USUCCU's motion for summary judgment renders his motion moot.

SO ORDERED

DATED this 13th day of March, 2013.

BY THE COURT:

_____

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT